-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JIMMY LEE GIBSON,

       Plaintiff,

    -v-                                12-CV-6121CJS(Fe)
                                                **ORDER**

INDUS HONEOYE FALLS ASSOCIATES, LLC,

       Defendant.
_____

     Plaintiff Jimmy Lee Gibson has filed this action and has also submitted a document that appears to be an affidavit supporting a request to be allowed to file the action without paying the fee. Plaintiff appears to have filed this action in the wrong court. The submission appears to be a defense to an eviction action, which would likely be under the jurisdiction of a local court such as the Honeoye Falls Village Court. However, if plaintiff intended to file this submission in this federal Court, it must be dismissed for lack of jurisdiction.

     A U.S. district court is a court of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." W.G. v. Senatore, 18 F.3d 60, 64 (2d Cir. 1994) (citing Marbury v. Madison, 5 U.S. (1 Cranch) 137, 173-80 (1803)). The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised sua sponte when there is an indication that jurisdiction is lacking."

Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc., 850 F.2d 876, 881 (2d Cir. 1988), cert. denied 488 U.S. 967 (1988) (citations omitted).  Based on the information in the "summons" plaintiff filed with the Court, this appears to be a defense to an eviction proceeding or effort to evict over which this Court does not have jurisdiction.  The complaint must, therefore, be dismissed.

Plaintiff may wish to note that New York's tolling statute, C.P.L.R. 205(a), provides that:

> if an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff ... may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

N.Y. C.P.L.R. § 205(a) (Consol.1999).  This provision tolls the statute of limitations during the pendency of an action that has been terminated for what is usually a curable or procedural defect. See Cecere v. County of Westchester, 814 F.Supp. 378, 381 (S.D.N.Y.1993).

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 12, 2012
         Rochester, New York